# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RILEY,<br><br>    Plaintiff,<br><br>v.<br><br>GODWIN UGWUEZE, et.al.,<br><br>    Defendants. | Case No.: 1:19-cv-01424-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF, FOR TO COMPLY WITH A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>[ECF Nos. 16, 19] |

Plaintiff Robert Riley is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff's complaint in this action was filed on October 9, 2019. (ECF No. 1.) On January 24, 2020, the Court screened Plaintiff's first amended complaint and found that Plaintiff had failed to state a cognizable claim. (ECF No. 5.) Plaintiff was granted thirty days in which to file a second amended complaint, but Plaintiff failed to do so. (Id.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names Chief Medical Executive (CME) Godwin Ugwueze , Chief Physician and Surgeon (CPS) Chinyere Nyenke, Chief Executive Officer (CEO) Clarence Cryer, Nurse Practitioner Laura Merritt, and Physician Nathaniel Matolo, as Defendants.

In early July 2017, Plaintiff, then a 57 years old male, suffered from acute congestive heart failure and began to experience symptoms of what he later learned was an inguinal hernia.

///

///

On September 26, 2017, Plaintiff informed Defendant Merritt that he was suffering significant pain in his lower right abdomen and the pain was impacting his daily activities. On this same date, Defendant Merritt submitted a health care services physician request for services (RTS) form to conduct an ultrasound of Plaintiff's lower right abdomen, RFS for surgery, and ordered a truss hernia support to be provided.

On October 9, 2017, an ultrasound confirmed that Plaintiff had an inguinal hernia.

On May 9, 2018, an electrocardiogram (ECG) revealed that Plaintiff suffered a first-degree blockage of his aortic valve.

On May 11, 2018, Defendant Matolo examined Plaintiff remotely by television. Defendant noted that up to that time Plaintiff had an inguinal hernia no less than a year and it had increased in size.

On May 23, 2018, Plaintiff saw Defendant Merritt who informed Plaintiff that Defendant Matolo was going to perform the repair of the inguinal hernia. Defendant Merritt submitted an RFS so that Defendant Matolo could carry out the planned procedure.

Defendant Matolo, without Plaintiff's consent and without giving notice, withdrew from providing treatment and care for the inguinal hernia.

Defendant Merritt submitted another RFS for surgical repair of the inguinal hernia.

On February 8, 2019, a treadmill stress test was performed.

Defendant Merritt, despite knowing Plaintiff's age, that Plaintiff suffered from acute congestive heart failure, and other health conditions affecting his heart, such as obesity and Merritt's recognition on September 26, 2018 that Plaintiff may need hernia surgery, did not submit an RFS requesting Plaintiff be scheduled for a cardiac clearance procedure until July 2018. Plaintiff was not cleared for the procedure until March 19, 2019.

From the onset of the symptoms until after surgery, Plaintiff suffered severe pain, intermittent nausea and vomiting, difficulty urinating, and dizziness.

Defendants Ugwueze, Nyenke, and Cryer reviewed and approved each RFS that was submitted with regard to the care for the inguinal hernia. Defendants Ugwueze, Nyenke, and Cryer in reviewing

and approving each RFS that was submitted by Defendant Merritt knew or otherwise became aware of Plaintiff's age, that he suffered acute congestive heart failure, and had other health conditions.

Defendants Ugwueze, Nyenke, and Cryer knew at all times mentioned herein that Defendant Merritt did not submit an RFS requesting Plaintiff to be scheduled for a cardiac clearance for the anticipated hernia surgery until July 24, 2018, causing Plaintiff to not be cleared for the hernia repair procedure until March 19, 2019. Plaintiff received the hernia repair procedure on May 28, 2019.

Plaintiff seeks monetary damages as well a declaratory and injunctive relief.

## III.

## DISCUSSION

### A. Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. In order to establish a claim of deliberate indifference based on a delay in treatment, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994).

///

///

4

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). In addition, mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

Assuming Plaintiff had a serious medical need, Plaintiff has failed to demonstrate deliberate indifference on the part of any Defendant. Plaintiff contends that there was a delay of approximately 21 months to receive hernia repair surgery. However, the facts demonstrate otherwise. Plaintiff contends that he was examined by Defendant Merritt on May 23, 2018, who indicated that Defendant Matolo would conduct the hernia repair surgery. However, Defendant Matolo subsequently withdrew from treatment, then on July 24, 2018, Defendant Merritt submitted an RFS requesting Plaintiff be rescheduled for hernia repair surgery. Although Plaintiff contends that he was not cleared for the procedure until March 19, 2019, he sets forth no allegations to support a finding that it was because any Defendant acted with deliberate indifference to his treatment. In fact, in the first amended complaint, Plaintiff has omitted several of the factual details which were included in the original complaint resulting in fragmented claims and allegations.[1] In sum, Plaintiff has failed to demonstrate that any Defendant acted with deliberate indifference.

---

[1] In the original complaint, Plaintiff indicated that on July 24, 2018, he was evaluated by Dr. Jing Zhou. On August 2, 2018, Defendant Merritt submitted a request for physician services to be evaluated by a cardiologist. On September 24, 2018, October 30, 2018, and January 10, 2019, additional EKG diagnostic procedures were performed. (ECF Nos 1, 8.) However, all of these factual contentions were omitted from the first amended complaint.

**B.     Supervisory Liability**

Plaintiff names the Chief Medical Executive, Chief Physician and Surgeon and Chief Executive Officer of Health Care Services, as Defendants.

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, at 556 U.S. at 678-79. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's first amended complaint is devoid of any allegations supporting the existence of a supervisory liability claim against any of the supervisory Defendants. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) ("[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient.") Although Plaintiff contends that Defendants Ugwueze, Nyenke, and Cryer reviewed and approved each of RFS submitted by Defendant Merritt, Plaintiff does not demonstrate when they reviewed the requests, how they reviewed the requests, and the response(s) to such requests. Thus, the only basis for such a claim would be respondeat superior, which is precluded under section 1983. Accordingly, Plaintiff fails to state a cognizable claim against the supervisory Defendants.

**C.     Declaratory Relief**

As with Plaintiff's original complaint, he seeks a declaratory judgment that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and

afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any Defendant violated Plaintiff's constitutional rights is unnecessary.

### D. Failure to State a Cognizable Claim for Relief

For the reasons discussed above, Plaintiff has failed to state a cognizable claim for relief in the January 21, 2020 first amended complaint. Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim.

## III.

## FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's first amended complaint, and on January 27, 2020, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 16.) Plaintiff did not file a second amended complaint or otherwise respond to the Court's January 27, 2020 order. Therefore, on March 9, 2020, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 19.) Plaintiff failed to respond to the March 9, 2020 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring

pro se plaintiffs to keep court apprised of address); <u>Malone v. United States Postal Serv.</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson</u>, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint and within thirty days of January 27, 2020 and has not done so. Accordingly, the operative pleading is the January 21, 2020 first complaint which has been found not to state a cognizable claim. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's January 27, 2020 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 16.) In addition, the Court's March 9, 2020, order to show cause specifically stated: "Plaintiff is warned that failure to comply with this order will result in a recommendation to a district judge that the instant action be dismissed for failure to prosecute, failure to obey a court order, and failure to state a cognizable claim for relief." (ECF No. 19.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## IV.

## CONCLUSION AND RECOMMENDATION

The Court has screened Plaintiff's complaint and found that it fails to state a cognizable claim. Plaintiff has failed to comply with the Court's order to file a second amended complaint or respond to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the January 27, 2020 and March 9, 2020 orders, and failure to prosecute this action.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This findings and recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **thirty (30) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendation with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file

///

objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 30, 2020**

UNITED STATES MAGISTRATE JUDGE